MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
FERNANDO FABIAN ROBLES and
CARLOS ALEJANDRO VELASCO,
*individually and on behalf of others similarly*
*situated,*

                                   *Plaintiffs*,

             -against-

DANIEL'S BAGEL CORP. (d/b/a DANIEL'S
BAGEL), YUVAL EDRY, and ARYE
LEWKOVITZ,

                                *Defendants*.
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Fernando Fabian Robles and Carlos Alejandro Velasco, individually and on

behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys,

Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Daniel's

Bagel Corp. (d/b/a Daniel's Bagel) ("Defendant Corporation"), Yuval Edry and Arye Lewkovitz

(collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of defendants Daniel's Bagel Corp. (d/b/a Daniel's Bagel), Yuval Edry, and Arye Lewkovitz (collectively "Defendants").

2.      Defendants own, operate, or control a bagel restaurant located at 569 Third Avenue, New York, New York 10016 under the name Daniel's Bagel.

3.      Upon information and belief, individual defendants Yuval Edry and Arye Lewkovitz, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employed as a bagel cook and ostensibly as delivery workers. However, the delivery workers were required to spend a considerable part of their work day performing non-tipped, non-delivery duties, including but not limited to various restaurant duties such as, cleaning the restaurant, windows, bathroom, washing the sidewalk, bringing down deliveries to the basement and stocking them in the basement, bringing up items for the kitchen staff, twisting and tying up cardboard boxes, taking out the garbage, bringing up sodas and other drinks from the basement and stocking the refrigerator, washing trays, grilling sandwiches for breakfast, mopping and cleaning the floor, and dishwashing (hereafter the "non-tipped, non-delivery duties").

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.    Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality Plaintiffs' duties required a significant amount of time spent in non-tipped, non-delivery duties.

9.    Regardless, on a number of occasions, Defendants paid Plaintiffs at a rate that was lower than the tip-credit rate.

10.    In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay them at the lower tip-credited rate (and they still failed to do so on a number of occasions).

12.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

13.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per

week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

17.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bagel restaurant located in this district.  Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

18.     Plaintiff Fernando Fabian Robles ("Plaintiff Robles" or "Mr. Robles") is an adult individual residing in Queens County, New York.  Plaintiff Robles was employed by Defendants from approximately May 2010 until on or about December 30, 2016.

19.     Plaintiff Carlos Alejandro Velasco ("Plaintiff Velasco" or "Mr. Velasco") is an adult individual residing in Bronx County, New York.  Plaintiff Velasco was employed by Defendants from approximately March 2014 until on or about December 5, 2015 and from approximately February 12, 2016 until on or about October 21, 2016.

*Defendants*

20.     At all relevant times, Defendants own, operate, or control a bagel restaurant located at 569 Third Avenue, New York, New York 10016 under the name "Daniel's Bagel".

21.     Upon information and belief, Daniel's Bagel Corp. (d/b/a Daniel's Bagel) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 569 Third Avenue, New York, New York 10016.

22.     Defendant Yuval Edry is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Yuval Edry is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Yuval Edry possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

- 5 -

23.    Defendant Arye Lewkovitz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Arye Lewkovitz is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Arye Lewkovitz possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.    Defendants operate a bagel restaurant located at 569 Third Avenue, New York, New York NY 10016 under the name Daniel's Bagel, at all times relevant to this complaint.

25.    The individual defendants, Yuval Edry and Arye Lewkovitz, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

26.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

- 6 -

28.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

30.     Upon information and belief, individual defendants Yuval Edry and Arye Lewkovitz, operate Defendant Corporation as either as an alter ego of themselves and/or fail to operate Defendant Corporation as an entity  legally separate and apart from themselves, by among other things:

    a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c.  transferring assets and debts freely as between all Defendants,

    d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed Corporation,

    f.  intermingling assets and debts of their own with Defendant Corporation,

    g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h.  other actions evincing a failure to adhere to the corporate form.

- 7 -

31.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

32.    In each year from 2011 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

34.    Plaintiffs are former employees of Defendants who were employed as a bagel cook and ostensibly as delivery workers. However, the delivery workers spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

35.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Fernando Fabian Robles*

36.    Plaintiff Robles was employed by Defendants from approximately May 2010 until on or about December 30, 2016.

37.    Defendants ostensibly employed Plaintiff Robles as a delivery worker for the first three years and as a bagel cook for the last three years.

38.    However, when ostensibly working as a delivery worker, Plaintiff Robles also was required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

39.    Although Plaintiff Robles ostensibly was employed as a delivery worker for the first three years, he spent over 20% of each day performing non-delivery work throughout his employment with Defendants.

40.    Plaintiff Robles regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.    Plaintiff Robles' work duties required neither discretion nor independent judgment.

42.    Throughout his employment with Defendants, Plaintiff Robles regularly worked in excess of 40 hours per week.

43.    From approximately January 2011 until on or about January 2013, Plaintiff Robles worked from approximately 11:00 a.m. until on or about 9:00 p.m. Thursdays through Tuesdays (typically 60 hours per week).

44.    From approximately January 2013 until on or about June 2014, Plaintiff Robles worked from approximately 7:00 a.m. until on or about 4:00 p.m. Mondays, Tuesdays, Thursdays, Saturdays and Sundays and from approximately 5:00 a.m. until on or about 4:00 p.m. on Fridays (typically 56 hours per week).

45.    From approximately June 2014 until on or about December 30, 2016 Plaintiff Robles worked from approximately 9:00 a.m. until on or about 6:00 p.m. Mondays, Tuesdays, Wednesdays and Saturdays, from approximately 10:00 a.m. until on or about 8:00 p.m. on

Thursdays and Fridays and from approximately 8:00 a.m. until on or about 6:00 p.m. on Sundays (typically 66 hours per week).

46.    Throughout his entire employment, defendants paid Plaintiff Robles his wages in cash.

47.    From approximately January 2011 until on or about January 2013, defendants paid Plaintiff Robles a fixed salary of $320 per week.

48.    From approximately February 2013 until on or about June 2014, defendants paid Plaintiff robles a fixed salary of $420 per week.

49.    From approximately June 2014 until on or about December 30, 2016, defendants paid Plaintiff Robles a fixed salary of $656 per week.

50.    Plaintiff Robles was never notified by Defendants that his tips were being included as an offset for wages.

51.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Robles' wages.

52.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Robles regarding overtime and wages under the FLSA and NYLL.

53.    Plaintiff Robles was not required to keep track of his time; instead, Defendants entered his start and stop times into a book.

54.    However, since the beginning of 2015, Defendants required Plaintiff robles to sign a document every payday, the contents of which he did not know.

55.    Defendants did not provide Plaintiff Robles an accurate statement of wages, as required by NYLL 195(3).

56.    Defendants did not provide Plaintiff Robles with any document or other statement

accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

57.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Robles regarding wages as required under the FLSA and NYLL.

58.     Defendants did not give any notice to Plaintiff Robles, in English and in Spanish (Plaintiff Robles' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Robles to purchase "tools of the trade" with his own funds—including three bicycles, a number of chain and locks and 28 pairs of special shoes.

*Plaintiff Carlos Alejandro Velasco*

60.     Plaintiff Velasco was employed by Defendants from approximately March 2014 until on or about October 21, 2016.

61.     Defendants ostensibly employed Plaintiff Velasco as a delivery worker.

62.     However, Plaintiff Velasco also was required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

63.     Although Plaintiff Velasco ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-delivery work throughout his employment with Defendants.

64.     Plaintiff Velasco regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

65.     Plaintiff Velasco's work duties required neither discretion nor independent judgment.

66.     Throughout his employment with Defendants, Plaintiff Velasco regularly worked

in excess of 40 hours per week.

67.    From approximately March 2014 until on or about December 5, 2015, Plaintiff Velasco worked from approximately 5:00 a.m. until on or about 2:00 p.m. Fridays through Wednesdays (typically 54 hours per week).

68.    From approximately February 2016 until on or about October 2016, Plaintiff Velasco worked from approximately 5:00 a.m. until on or about 2:00 p.m. Thursdays through Sundays and from approximately 5:00 a.m. until on or about 1:00 p.m. Mondays and Tuesdays (typically 52 hours per week).

69.    Throughout his entire employment, defendants paid Plaintiff Velasco his wages in cash.

70.    From approximately March 2014 until on or about March 2015, defendants paid Plaintiff Velasco $7.50 per hour.

71.    From approximately March 2015 until on or about December 2015, defendants paid Plaintiff Velasco $8.50 per hour.

72.    From approximately February 2016 until on or about October 2016, defendants paid Plaintiff Velasco $9.00 per hour.

73.    Plaintiff Velasco was never notified by Defendants that his tips were being included as an offset for wages.

74.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Velasco's wages.

75.    Plaintiff Velasco was not required to keep track of his time; instead, Defendants entered his start and stop times into a book.

76.    However, Defendants required Plaintiff Velasco to sign a document every payday,

- 12 -

the contents of which he did not know.

77.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Velasco regarding overtime and wages under the FLSA and NYLL.

78.    Defendants did not provide Plaintiff Velasco an accurate statement of wages, as required by NYLL 195(3).

79.    Defendants did not give any notice to Plaintiff Velasco, in English and in Spanish (Plaintiff Velasco's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

80.    Defendants required Plaintiff Velasco to purchase "tools of the trade" with his own funds—including three bicycles.

*Defendants' General Employment Practices*

81.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay and overtime compensation as required by federal and state laws.

82.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

83.    Defendants required all delivery workers, including Plaintiffs, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

84.    Plaintiffs, and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

- 13 -

85.    Plaintiffs and all other delivery workers were paid at either the lower tip-credit rate or at a lower rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because the delivery worker's non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

86.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

87.    The delivery workers', including Plaintiffs' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

88.    In violation of federal and state law as codified above, Defendants classified Plaintiffs and other delivery workers as tipped employees, and paid them at the tip-credit rate or at a lower rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

89.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

90.    Defendants failed to inform Plaintiffs that their tips were being credited towards the payment of the minimum wage.

91.    Defendants failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

92.    Plaintiffs were paid their wages in cash.

93.    Plaintiffs were not required to keep track of their hours worked; instead, defendants entered a time in a book when plaintiffs arrived and departed from work.

94.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

95.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

96.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former workers.

97.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

98.    Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

99.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

100.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

101.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

102.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

103.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

104.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

106.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

107.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

108.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

109.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

110.    Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

111.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

113.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

114.    Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

115.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

117.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

118.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

119.    Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW)

120.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

- 18 -

122.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

123.    Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

123.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

125.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

126.    Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

127.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

129.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

130.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

131.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

132.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

133.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

134.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

135.    Plaintiffs were damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs (including the prospective collective class members)

liquidated damages in an amount equal to 100% of their damages for the amount of unpaid

minimum and overtime wages, and damages for any improper deductions or credits taken against

wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules

and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL

and supporting regulations;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits

taken against wages;

(l)    Awarding Plaintiffs damages for the amount of unpaid minimum and overtime

wages, and for any improper deductions or credits taken against wages, as well as awarding

spread of hours pay under the NYLL as applicable;

(m)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and

recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred

percent (100%) of the total amount of minimum wage, spread of hours pay and overtime

compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages

pursuant to NYLL § 198(3);

(o)    Awarding Plaintiffs (including the prospective collective class members) pre-

judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.


Dated:  New York, New York
January 5, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 30, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    <u>Favian Robles Fernando</u>


Legal Representative / Abogado:     <u>Michael Faillace & Associates, P.C.      </u>


Signature / Firma:             _____


Date / Fecha:                  <u>       30 de diciembre de 2016            </u>

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 30, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Carlos Alejandro Velasco

                                  Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

Date / Fecha:                     30 de diciembre de 2016

*Certified as a minority-owned business in the State of New York*